IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00508-PAB-NYW

BRIAN HALIK,

    Plaintiff,

v.

A. BREWER, Officer, Colorado Springs Police Department, individually and in his official capacity, and

UNKNOWN OFFICERS OF THE TACTICAL ENFORCEMENT UNIT, Colorado Springs Police Department, individually and in their official capacity,

    Defendants.

_____

## ORDER
_____

This matter is before Court on the Recommendation of United States Magistrate Judge [Docket No. 25] filed on February 17, 2022.  The magistrate judge recommends granting in part and denying in part defendant Brewer's[1] motion to dismiss, Docket No. 6, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Docket No. 25 at 40.  Defendant Brewer filed written objections to the recommendation.  Docket No. 26.  Plaintiff did not timely object or respond to defendant's objections.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Because defendant Brewer is the only defendant named in the complaint and the defendant who filed the motion to dismiss, the Court refers to him as "defendant" throughout this order.

I. BACKGROUND[2]

This case arises out of the search of plaintiff's home and person. *See generally* Docket No. 1. The facts are set forth in the magistrate judge's recommendation, Docket No. 25 at 1-4, and the Court adopts them for the purposes of ruling on the objections.

On February 19, 2021, plaintiff filed suit. *See* Docket No. 1. The magistrate judge construed plaintiff's complaint as raising the following claims: (1) state law claims; (2) *Bivens* claims; (3) § 1983 official capacity claims; and (4) § 1983 individual capacity claims. Docket No. 25 at 40. Defendant Brewer filed a motion to dismiss plaintiff's claim on June 9, 2021. *See* Docket No. 6. Magistrate Judge Wang issued a recommendation on defendant's motion on February 17, 2022. *See* Docket No. 25. Defendant Brewer filed an objection, *see* Docket No. 26; plaintiff neither objected nor responded to defendant's objection.

The magistrate judge recommends granting the motion in part and denying it in part. *See* Docket No. 25 at 40. In particular, the magistrate judge recommends that

> Plaintiff's state law claims should be dismissed without prejudice, under Rule 12(b)(1), for failure to comply with Colo. Rev. Stat. § 24-10-109(1). Plaintiff's *Bivens* claims should be dismissed, under Rule 12(b)(6), for failure to state a claim. As to Plaintiff's § 1983 claims, the official capacity claims for monetary damages should be dismissed, under Rule 12(b)(1), for lack of subject matter jurisdiction. The remaining official capacity claims should be dismissed, under Rule 12(b)(6), for failure to state a claim. The Fourth Amendment claims against Defendant Brewer, in his individual capacity, arising from the strip search and the destruction of the urn, should proceed. Plaintiff's remaining Fourth Amendment claims, his

---

[2] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

> Fifth Amendment claims, and his Fourteenth Amendment procedural due process claims, should be dismissed. The Fourteenth Amendment substantive due process claims, which arise from the contested searches and seizures, should also be dismissed. The remaining Fourteenth Amendment substantive due process claims should proceed.

*Id.* Defendant objects to the magistrate judge's conclusion that the Fourth Amendment claims arising from the strip search and manner of searching the urn and the Fourteenth Amendment substantive due process claims related to defendant Brewer stalking and harassing plaintiff should proceed. Docket No. 26 at 1-3.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed.

R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

## III. ANALYSIS

Defendant makes four objections: (1) the magistrate judge erred in declining to consider body-worn camera footage capturing the alleged strip search; (2) the magistrate judge improperly concluded that the manner of the search of the urn was unreasonable; (3) the magistrate judge erroneously concluded that defendant failed to address certain substantive due process allegations; and (4) the magistrate judge erred in finding that defendant waived the clearly established prong of qualified immunity. Docket No. 26 at 1-3.

### A.  Consideration of Body-Worn Camera Footage

Defendant submitted body-worn camera ("BWC") footage of the alleged strip search along with his motion to dismiss.  *See* Docket Nos. 6-6, 6-7, 6-8, 8.  The magistrate judge declined to consider the footage because, while plaintiff's complaint made passing reference to "video cameras," it was unclear whether the reference was to BWC video and because plaintiff's complaint did not rely on the BWC footage. Docket No. 25 at 10.  Defendant argues that the magistrate judge erred because all that is required in the Tenth Circuit to consider video footage is that it be referenced in the complaint and plaintiff conceded that the "video cameras" the complaint referred to were BWCs.  Docket No. 26 at 4.

The Court finds both objections meritless.  In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith*

*v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (citation omitted). Even assuming that the "video cameras" in the complaint are BWCs, defendant has not shown how they are "central to the plaintiff's claim." *See id.* Accordingly, the Court finds no error in the magistrate judge's decision to not take judicial notice of the BWC.

The Court additionally notes that whether or not to consider materials attached to a motion to dismiss, even if they have been referenced in the complaint, is a discretionary decision. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("*GFF Corp*. did not purport to decide whether consideration of materials appended to a motion to dismiss is mandatory or discretionary. . . . We agree with our sister circuits that if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials."). Indeed, the caselaw defendant cites states that the court *may* consider a document central to plaintiff's claim and referenced in the complaint. *See* Docket No. 26 at 3. Given the discretionary nature of judicial notice, the Court finds no error in the magistrate judge's decision not to take judicial notice of the BWC footage and will overrule this objection on *de novo* review.[3]

### B. Manner of Search of the Urn

The magistrate judge found that plaintiff had sufficiently stated a claim against

---

[3] Given this conclusion, the Court need not consider the arguments defendant makes with respect to authenticity. *See* Docket No. 26 at 5.

defendant for searching the urn of his father's ashes in an unreasonable manner. Docket No. 25 at 23-24.  Defendant makes two objections: (1) plaintiff only brought a claim against defendant for his lack of authority to search the urn, not the manner he searched the urn, and (2) the case the magistrate judge relied on to find the claim sufficiently pled is distinguishable.  Docket No. 26 at 7-9.

For the following reasons, the Court agrees with defendant that plaintiff did not plead a claim for the manner in which the search of the urn was conducted, and will sustain the objection.  The allegations regarding the urn consist of one paragraph:

> Defendant Brewer searched through Plaintiff's bedroom.  In doing so, he dumped a miniature urn containing Plaintiff's father's ashes onto Plaintiff's desk.  The urn was a sealed container and did not contain any contraband, nor could it have contained contraband or evidence relevant to the search.  There was therefore no legitimate purpose for Defendant Brewer's actions.

Docket No. 1 at 7, ¶ 16.  The magistrate judge construed this language as alleging a claim for searching the urn in an unreasonable manner.  See Docket No. 25 at 23. However, the allegations are focused on defendant's authority to search the urn and the reasonableness of him doing so.  While plaintiff's filings must be liberally construed, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."), the complaint must still state a claim.  The Court finds that a reasonable interpretation of Paragraph 16 is that plaintiff is not challenging the defendant's manner of searching the urn and will sustain the objection.[4]

---

[4] Because the Court finds that plaintiff does not plead a claim for the manner of the urn search, the Court need not consider defendant's second objection.

### C.  Clearly Established Law

The magistrate judge noted that defendant's motion to dismiss invoked qualified immunity, but found that defendant "makes no argument concerning whether Mr. Halik's rights at issue were clearly established at the time of the alleged misconduct."  Docket No. 25 at 14 n.2.  Accordingly, the magistrate judge limited her analysis to the first prong of qualified immunity, whether the complaint states a constitutional violation.  *Id.*  Defendant argues that this decision was in error because defendant's invocation of qualified immunity shifted the burden to plaintiff to show both a constitutional violation and that the right was clearly established.  Docket No. 26 at 12-15.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'"  *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)).

When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).

The Court disagrees with defendant's argument that he sufficiently raised qualified immunity by reciting the two prongs of the plaintiff's burden and saying that the law was not clearly established. Defendant did not "declin[e] to thoroughly analyze [clearly established law] in [his] motion to dismiss" as he claims, *see* Docket No. 26 at 14; defendant failed to make *any* supported argument. The Court finds *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020) (unpublished), instructive. In *Tillmon*, the Tenth Circuit considered an interlocutory appeal of the district court's decision not to rule on the defendants' qualified immunity defense. The court explained that, "if a defendant adequately raises qualified immunity and the district court declines to rule on the defense, then we typically remand and direct the district court to decide qualified immunity. But if a defendant does not adequately present the defense to the district court, then the defense is not preserved for appellate review and we affirm the district court." *Id.* (citations omitted). The court found that, although the defendants argued on appeal that they had "adequately raised qualified immunity in their motion to dismiss," their "analysis of qualified immunity in th[e] motion was cursory at best" because their "argument consisted of a single paragraph briefly discussing the law of qualified immunity." *Id.*; *see also Riley v. Spangler*, 2021 WL 5881999, at *8 (D.N.M.

8

Dec. 13, 2021) ("The Tenth Circuit has previously found that a defendant's argument focusing on whether a constitutional violation occurred does not raise a qualified immunity defense." (collecting cases)); *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575-76 (10th Cir. 2021) (unpublished) (finding one-sentence qualified immunity argument "underdeveloped" and declining to review the merits because it "was neither pressed nor passed upon").

On *de novo* review, the Court agrees with the magistrate judge that defendant's qualified immunity analysis in his motion to dismiss is too meager and perfunctory to be considered "adequately presented." The entirety of defendant's arguments regarding qualified immunity consist of a one paragraph recitation of the qualified immunity standard, *see* Docket No. 6 at 3, and a footnote stating that, "[t]o the extent the Court concludes that Plaintiff plausibly alleges a constitutional violation but fails to allege the violation of a clearly established right, thereby entitling Det. Brewer to qualified immunity, then Plaintiff's claims to monetary relief must be dismissed." *Id.* at 3 n.3.

As the magistrate judge found, defendant made no attempt to argue why qualified immunity applies in this case. Thus, while defendant is correct that the burden to overcome qualified immunity is entirely plaintiff's, that burden only arises when the doctrine has been "adequately presented." Accordingly, the Court overrules this objection and finds that the magistrate judge did not err by declining to *sua sponte* consider whether the law was clearly established for each claim that the magistrate judge found the complaint adequately stated.

### D.  Substantive Due Process

The magistrate judge determined that plaintiff alleged a Fourteenth Amendment substantive due process violation for defendant's stalking and harassing conduct towards plaintiff after the search of his home.  Docket No. 25 at 32-33.  The magistrate judge found that defendant did not address this claim and thus recommended that it proceed.  *Id.* at 33.  Defendant makes two objections: (1) defendant addressed these allegations with respect to state law claims, and (2) the allegations do not state a claim for a substantive due process allegation.  Docket No. 26 at 10-12.

Defendant asserts "[t]hat Det. Brewer didn't *also* interpret Plaintiff's allegations as pertinent to a substantive due process claim—when Plaintiff himself failed to make such a link in the Complaint (see Doc. 1, Compl. ¶¶ 22-24, 37)—should not be enough to justify the Magistrate Judge's recommendation that the claims 'remain viable.'"  *Id.* at 10.  Defendant cites no support for this contention that, because the magistrate judge interpreted the claims differently from him, they must fail.  Defendant did not move to dismiss the complaint to the extent it alleged substantive due process claims based on defendant's stalking and harassing conduct.  However, the magistrate judge liberally construed the complaint, and reasonably concluded that plaintiff intended to allege such claims.  *See* Docket No. 25 at 32-33.  As such, there was no basis to dismiss the claims.

Defendant additionally argues that the allegations fail to state substantive due process claims for conduct unrelated to the search and seizure.  *See* Docket No. 26 at 11-12.  However, defendant did not make these arguments in his motion to dismiss,

10

and they are thus waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Accordingly, the Court overrules defendant's objections.

### E. Unobjected to Portions of the Recommendation

The magistrate judge recommends dismissing all other claims raised by plaintiff. *See* Docket No. 25 at 40. Plaintiff did not file an objection. The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law and will accept the magistrate judge's recommendation.

## IV. CONCLUSION

For the foregoing reasons, it is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 25] is **ACCEPTED in part** and **REJECTED in part**. It is further

**ORDERED** that defendant's Objection to the Recommendation of United States Magistrate Judge [Docket No. 26] is **OVERRULED in part** and **SUSTAINED in part**. It is further

**ORDERED** that Defendant Brewer's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket No. 6] is **GRANTED in part** and **DENIED in part**. It is

further

**ORDERED** that plaintiff's state-law claims are **DISMISSED without prejudice** under Fed. R. Civ. P. 12(b)(1) . It is further

**ORDERED** that plaintiff's *Bivens* claims are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's official capacity § 1983 claims for monetary damages are **DISMISSED without prejudice** under Fed. R. Civ. P. 12(b)(1). It is further

**ORDERED** that plaintiff's remaining official capacity claims are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's Fourth Amendment claims related to the search warrant affidavit, the search of plaintiff's home, the search of plaintiff's roommate's premises, the search of plaintiff's rental vehicle, the search of the urn, the seizure of plaintiff's computers and digital media, and the deployment of the SWAT Team are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's Fifth Amendment claims are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's Fourteenth Amendment procedural due process claims are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's Fourteenth Amendment substantive due process claims arising from the searches and seizures are **DISMISSED with prejudice** under Fed. R. Civ. P. 12(b)(6).

DATED March 28, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge